# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ORTEGA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　　Defendants. | Case No. 1:19-cv-00999-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 9) |

　　　　Plaintiff Albert Ortega is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401 *et seq*.

　　　　Currently before the Court is Plaintiff's motion to appoint counsel, filed on August 22, 2019. (ECF No. 9.) In his motion, Plaintiff asserts that he needs the voluntary assistance of counsel because his ability to litigate this action has been hindered by the injury to his right shoulder, which causes his right fingers to go numb in the process of writing court documents, he is not an experienced jailhouse lawyer, this case involves technical medical issues that Plaintiff is unable to deal with adequately, this case will require the use of expert witnesses, Plaintiff is in solitary confinement and has no ability to investigate the facts and has limited access to legal materials, Plaintiff does not have access to California state law, which is the controlling authority in this FTCA action, and he is not financially stable and cannot afford to hire counsel.

　　　　The Court notes that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in

1

| | |
|---|---|
| 1 | certain exceptional circumstances, the Court may request the voluntary assistance of counsel |
| 2 | pursuant to § 1915(e)(1).  Rand, 113 F.3d at 1525.  Without a reasonable method of securing and |
| 3 | compensating counsel, the Court will seek volunteer counsel only in the most serious and |
| 4 | exceptional cases.  In determining whether "exceptional circumstances exist, the district court |
| 5 | must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to |
| 6 | articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal |
| 7 | quotation marks and citations omitted).  "Neither of these considerations is dispositive and |
| 8 | instead must be viewed together."  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The |
| 9 | burden of demonstrating exceptional circumstances is on Plaintiff.  Id. |
| 10 | The Court has considered Plaintiff's request, but does not find the required exceptional |
| 11 | circumstances.  Initially, circumstances common to most prisoners, such as lack of legal |
| 12 | education, limited law library access, and lack of funds to hire counsel, do not alone establish the |
| 13 | exceptional circumstances that would warrant appointment of counsel.  Further, at this stage in |
| 14 | the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the |
| 15 | merits.  Plaintiff's complaint has not been screened.  Therefore, this case does not yet proceed on |
| 16 | any cognizable claims.  Finally, based on a review of the record in this case, the legal issues |
| 17 | involved in this case do not appear to be particularly complex and the Court finds that Plaintiff |
| 18 | can adequately articulate his claims.  As demonstrated in the instant motion, Plaintiff is able to |
| 19 | prepare and file documents clearly setting forth his contentions, without assistance from counsel. |
| 20 | For the foregoing reasons, Plaintiff's motion to appoint counsel, (ECF No. 9), is DENIED, |
| 21 | without prejudice. |
| 22 | IT IS SO ORDERED. |
| 23 | Dated:   **August 27, 2019**                           /s/ *Barbara A. McAuliffe*         _ |
| 24 | UNITED STATES MAGISTRATE JUDGE |
| 25 | |
| 26 | |
| 27 | |
| 28 | |