UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ORTEGA,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 1:19-cv-00999-NONE-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE INITIAL DISCLOSURES AND PARTIES TO EXCHANGE DOCUMENTS |

Albert Ortega ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action.

On November 6, 2020, the Court issued an order setting an initial scheduling conference, requiring the parties to exchange initial disclosures, and requiring the parties to file scheduling conference statements. (ECF No. 31). On the day the scheduling conference was supposed to be held, Plaintiff's institution of confinement indicated that it could not make Plaintiff available for the conference. Accordingly, the Court vacated the conference. (ECF No. 37).

After reviewing this case, including Defendant's scheduling report, the Court finds that it can schedule this case without holding a scheduling conference.[1] The Court will issue a separate order that opens discovery and includes the schedule for this case.

Additionally, Plaintiff did not file a scheduling conference statement, and according to

---

[1] While the Court is not holding a scheduling conference at this time, the Court may set other conferences or hearings in the future.

Defendant, Plaintiff did not provide Defendant with his initial disclosures (ECF No. 35, p. 2). The Court does not need a scheduling conference statement from Plaintiff at this time, but will require Plaintiff to provide Defendant with his initial disclosures within thirty days.

Finally, in an effort to secure the just, speedy, and inexpensive disposition of this action,[2] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[3] the Court will direct that certain documents that are central to the dispute be promptly produced.[4]

Accordingly, based on the foregoing, IT IS ORDERED that:

1. Plaintiff has thirty days from the date of service of this order to serve Defendant's counsel with his initial disclosures.  As discussed in the Court's prior order (ECF No. 31), Plaintiff shall provide Defendant with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment."  (*Id.* at 3).  Plaintiff shall also provide Defendant with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment."  (*Id.*).[5]

2. The parties have thirty days from the date of service of this order to serve the

---

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice.  There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

[4] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[5] If Plaintiff has already provided Defendant with his initial disclosures he does not need to re-serve them.

     opposing party with Plaintiff's medical records from July 20, 2018, through July 20, 2019.  Parties do not need to produce documents they have already provided or documents that were provided to them by the opposing party.

3. If any party obtains medical records from another entity, that party shall promptly produce a copy of those documents to the opposing party.  Parties do not need to produce documents they have already provided or documents that were provided to them by the opposing party.

4. Defendant has thirty days from the date of service of this order to produce the statement from Officer Michael Fontes that Bureau of Prisons staff investigating Plaintiff's administrative claim obtained.  If any other evidence or witness statements were generated from an investigation into the grievance filed by Plaintiff related to the allegations in the complaint, Defendant must promptly provide those documents to Plaintiff or submit them for *in camera* review.[6]

5. Plaintiff has thirty days from the date of service of this order to provide Defendant with any witness statements that he has obtained.

6. Within thirty days from the date of service of this order (or within thirty days of receiving additional documents), any party may object to providing the documents listed above.  If Defendant objects based on the official information privilege, Defendant must provide the documents to the Court for *in camera* review.

IT IS SO ORDERED.

Dated: __**February 12, 2021**__           /s/ *Erica P. Grosjean*
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[6] The procedures for submitting documents for *in camera* review are included in the scheduling order.