UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ORTEGA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant(s). | Case No. 1:19-cv-00999-NONE-EPG (PC)<br><br>SCHEDULING ORDER<br><br>Exhaustion Motions:　　May 7, 2021<br><br>Motions to Compel:　　July 26, 2021<br><br>Report Re: Settlement<br>Conference:　　August 23, 2021<br><br>Non-expert<br>Discovery:　　October 8, 2021<br><br>Dispositive Motions:　　November 8, 2021 |

This Court now sets a schedule for this action.

**I.　　DISCOVERY PROCEDURES**

The parties are now granted leave to serve discovery in addition to that provided as part of initial disclosures. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue). A party may serve on any other party no

       more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission.  On motion, these limits may be increased for good cause.

2. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served.  Boilerplate objections are disfavored and may be summarily overruled by the Court.  Responses to document requests shall include all documents within a party's possession, custody, or control.  Fed. R. Civ. P. 34(a)(1).  Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.

3. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **thirty (30) days** after the date that responses are due.  **The privilege log shall simultaneously be filed with the Court.  Failure to provide and file a privilege log within this time shall result in a waiver of the privilege.**  Additionally, **if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence is privileged**.[1]  The witness statements

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

    The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ."  *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted).  The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege.  *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) ("Government personnel files are considered official information.  To determine whether the information sought is

1    and/or evidence shall be Bates stamped, and mailed to Judge Grosjean at 2500 Tulare
2    Street, Sixth Floor, Fresno, CA 93721.  The withholding party shall also file and serve
3    a notice that they have complied with this order.  All other claims of privilege,
4    including claims of the official information privilege over information other than
5    witness statements and/or evidence gathered from investigation(s) into the incident(s)
6    at issue in the complaint, may be challenged via a motion to compel.

7   4. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose
8      Plaintiff and any other witness confined in a prison on the condition that, at least
9      fourteen (14) days before such a deposition, Defendant(s) serve all parties with the
10     notice required by Federal Rule of Civil Procedure 30(b)(1).  Plaintiff's failure to
11     participate in a properly noticed deposition could result in sanctions against Plaintiff,
12     including monetary sanctions and/or dismissal of this case.  Pursuant to Federal Rule
13     of Civil Procedure 30(b)(4), the parties may take any deposition under this section by
14     video conference without a further motion or order of the Court.  Due to security
15     concerns and institutional considerations not applicable to Defendant(s), Plaintiff must
16     seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of
17     Civil Procedure 30(a)(2).  Nothing herein forecloses a party from bringing a motion
18     for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

19  5. With the Court's permission, Plaintiff may serve third party subpoenas, including on
20     the Bureau of Prisons, if Plaintiff seeks documents from entities that are not presently
21     defendants in this case.  To issue a subpoena on these entities, or any other third
22     parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with
23     the Court.  If the Court approves the request, it may issue Plaintiff a subpoena *duces*
24     *tecum*, commanding the production of documents from a non-party, and may
25     command service of the subpoena by the United States Marshals Service.  Fed. R. Civ.
26     P. 45; 28 U.S.C. 1915(d).  However, the Court will consider granting such a request

---

28  privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.") (internal citations omitted).

*only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a Rule 34 request for production of documents. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through a third party. The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1).

6. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

7. The parties have until **July 26, 2021**, to file motion(s) to compel further discovery responses. The motion(s) should include a copy of the request(s) and any response to the request(s) at issue. The responding party may file a response to the motion no later then three weeks after the motion is filed. If, after reviewing the motion(s) and response(s), the Court determines that a hearing will be helpful, the Court will set a hearing on the motion(s) to compel.

## II.     PAGE LIMITS AND COURTESY COPIES

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[2] *all* moving and opposition briefs or legal memoranda shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limits do not include exhibits.

Defendant(s) shall mail or deliver courtesy hard-copies of all motions over 10 pages in length to the court at 2500 Tulare St., Room 1501, Fresno, CA  93721. Courtesy hard-copies shall reflect the CM/ECF document numbers and pagination.

## III.    NON-EXPERT DISCOVERY DEADLINE

The deadline for the completion of all non-expert discovery is **October 8, 2021**. All non-expert discovery must be provided by this date.

---

[2] Parties may seek leave by filing a short motion.

4

**IV.  EXHAUSTION MOTIONS DEADLINE**

The deadline for Defendant(s) to present any challenge for failure to exhaust administrative remedies is **May 7, 2021**.  The exhaustion defense may be raised only by filing a motion for summary judgment under Federal Rule of Civil Procedure 56.  Failure to raise the exhaustion defense by this deadline will result in waiver of the defense.  *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible).

**V.  DISPOSITIVE MOTIONS DEADLINE**

The deadline for filing dispositive motions (except for dispositive motions based on the defense of failure to exhaust administrative remedies) is **November 8, 2021**.

If Defendant(s) file a motion for summary judgment, Defendant(s) shall simultaneously provide Plaintiff with the notice and warning required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

**VI.  SETTLEMENT CONFERENCE**

The Court is not setting a settlement conference at this time.  Defendant(s) shall confer with Plaintiff,[3] and no later than **August 23, 2021**, shall file a report indicating each party's position on whether a settlement conference would be productive.  If the Court sets a settlement conference, the parties may request an extension of the dispositive motion deadline.

**VII.  MAGISTRATE JUDGE JURISDICTION**

The parties have not consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**VIII.  FURTHER DATES AND DEADLINES**

If this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set expert disclosure deadlines,[4] a telephonic trial confirmation hearing, pretrial deadlines, and a trial date.[5]

---

[3] The parties may confer by letter.

[4] While the Court is not setting a deadline for expert disclosures at this time, the parties may provide their expert disclosures at any time.

[5] Given the Court's Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California, the Court might not be able to set a trial date.

## IX.     EFFECT OF THIS ORDER

This order represents the Court's best estimated schedule through dispositive motions. Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates set in this order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed*.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 12, 2021**                    /s/ *Erica P. Grosjean*
                                                                  UNITED STATES MAGISTRATE JUDGE