UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ORTEGA,<br><br>                Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 1:19-cv-00999-NONE-EPG (PC)<br><br>AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF. No. 41) |

**I.      BACKGROUND**

Albert Ortega ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action.

This action is proceeding on Plaintiff's Federal Tort Claims Act claim against defendant United States of America, based on allegations that officers at United States Penitentiary Atwater failed to address water that had accumulated.  (ECF No. 25).  This failure allegedly led to Plaintiff slipping and falling.  (Id. at 3).

On June 25, 2021, Plaintiff filed a motion to compel.  (ECF No. 41).  On July 16, 2021, Defendant filed an opposition.  For the reasons that follow, the Court will grant the motion in part and deny the motion in part.[1]

---

[1] The Court issues this amended order to remove the following two sentences from what was footnote 1, which were included in error: "However, Plaintiff apparently attached at least some of the relevant documents to

1

## II.     LEGAL STANDARDS

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).  The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response…." Fed. R. Civ. P. 37(a)(4).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citation omitted).

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

## III.    ANALYSIS

Plaintiff moves to compel on four requests for production of documents and/or

\\\

\\\

---

the motion he served on Defendant, and Defendant provided the documents to the Court.  The Court appreciates that Defendant provided these documents."

electronically stored information.[2]  Each request is analyzed below.

        a.   <u>Request No. 1: "The officer's [sic] working the area of the accident from 12 hours prior to 12 hours after Plaintiff's slip and fall accident."</u>

"The United States objected to this request as vague with respect to 'officer's working in the area' and overbroad in its time frame.  The United States requested that Plaintiff clarify his request, and the United States agreed to produce responsive records in response to a clarified request.  Plaintiff did not clarify his request but instead filed his Motion."  (ECF No. 42, p. 2).

Additionally, Defendant argues that "Plaintiff already knows the identity of the officer who was escorting him when he slipped and fell; Plaintiff identified that officer in his Amended Complaint (ECF No. 24 at p. 3), and the United States confirmed his identity in its Answer, affirming that 'on July 20, 2018, plaintiff slipped and fell at the bottom of a staircase at USP Atwater while being escorted with his hands secured behind him by Officer M. Fuentes.'"  (<u>Id.</u>).  "In an administrative tort claim he filed with the BOP, Plaintiff identified at least one additional officer he claims witnessed the incident.  The United States submits that USP Atwater duty rosters, sign-in logs and other documents listing -- in some cases only by initials -- the many BOP officers present in the SHU during the 24-hour period surrounding the slip and fall are not relevant to Plaintiff's claims, and that Plaintiff should narrow his request."  (<u>Id.</u>).  "The Bureau of Prisons ("BOP") has identified at least forty-five (45) BOP staff members who were present in the SHU during the 24-hour period referenced in Plaintiff's request, including officers assigned to correctional posts within the SHU and officers who were present in the SHU for various reasons and at various times during the 24-hour-period."  (<u>Id.</u>).

Plaintiff states that he "requested this information to establish a base of persons with possible discoverable information regarding the negligence of staff."  (ECF No. 41, p. 2). Plaintiff states that he "has no way to submit specific interrogatories to staff members without

---

[2] Plaintiff did not attach a copy of his requests or Defendant's responses to his requests to his motion to compel, even though he was directed to do so (ECF No. 39, p. 4).  The Court relies on Defendant's opposition for the phrasing of the requests at issue, as well as Defendant's responses.

this information." (Id.). Plaintiff argues that his request "is not vague or overbroad." (Id.). Instead, he "has asked for a specific list of names for the purpose of serving interrogatories concerning specific facts known only by these FBOP employees." (Id.).

As to this request, the Court will grant Plaintiff's motion to compel in part. It is true that this request may not have been crafted with the particularly it would have been if it was drafted by an attorney. However, Plaintiff is an inmate proceeding *pro se*. And, while the exact definition of "area" is somewhat vague, Plaintiff did clarify it by stating "the area of the accident." According to Plaintiff's First Amended Complaint, the accident occurred while he was being escorted from C range (which is located on the second floor in the Special Housing Unit) at United States Penitentiary Atwater to the outdoor recreation facility. (ECF No. 24). Within three steps of reaching the ground floor, Plaintiff fell. (Id. at 3). Thus, Defendant's vagueness objection is overruled, and Defendant should produce documents and/or electronically stored information identifying the officers who worked in the area of the accident (as described in the First Amended Complaint) during the time frame listed below.

As to Defendant's argument that the request is overbroad in timeframe and not relevant, the Court agrees in part. With respect to Plaintiff's request for documents and/or electronically stored information containing a list of the officers working in the area twelve hours before the accident, the Court overrules Defendant's objections in part. It appears that Plaintiff does not know how long the water was present before he fell. Thus, it is not unreasonable for Plaintiff to request the names of officers who may have witnessed the water's presence before the accident. Moreover, if the water was present before Plaintiff slipped and fell, the names of witnesses who saw the water would be relevant to Plaintiff's case. However, Plaintiff provides no explanation as to why he needs the names of all the officers working in the area up to twelve hours before the accident. Accordingly, the Court will limit this request to six hours before the accident.

Additionally, Plaintiff does not provide any explanation as to why he needs the names of officers who witnessed the water's presence up to twelve hours after the accident, and it is not clear how officers who saw the water, or lack of water, after Plaintiff was already injured

would be relevant to this case. Accordingly, the Court finds that this portion of the request is overbroad and not relevant. But, given that it appears that the parties do not know the exact time of the accident (the First Amended Complaint states that it occurred on July 10, 2018, between 6:30 a.m. and 7:30 a.m.), the Court will order Defendant to provide documents and/or electronically stored information containing a list of the officers who worked in the area up to two hours after 6:30 a.m.

Accordingly, the Court will order that Defendant produce USP Atwater duty rosters, sign-in logs, and other documents/electronically stored information listing the names of the officers who worked in the area of the accident[3] at any time from July 10, 2018, at 12:30 a.m. through July 10, 2018, at 8:30 a.m.

      b. Request No. 2: "All electronic or handwritten reports generated concerning any flooding in the same 24[-]hour period."

In their opposition, Defendant alleges that "[t]he United States produced to Plaintiff with its Rule 26(a)(1) disclosures a written statement of Officer Fuentes regarding the July 20, 2018, incident. The United States' response to this request for production of documents informed Plaintiff that it had conducted a search in a good faith effort to respond to the request but was unable to locate any other electronic or handwritten reports concerning flooding within the time frame of Plaintiff's request. In his Motion, Plaintiff clarifies that his reference to 'any flooding' refers to 'any flooding in the same area as his slip and fall.' The United States asserts that its prior search included a search for such records, and none were located." (ECF No. 42, pgs. 2-3).

Plaintiff does not challenge Defendant's assertion that it conducted a good faith search for the relevant records, and that the only record it found was the written statement from Officer Fuentes, which was already produced.[4] The Court cannot compel Defendant to provide

---

[3] Based on the description in Plaintiff's First Amended Complaint, the area of the accident is the ground floor near the steps from C range, which is close to the outdoor recreation facility.

[4] Plaintiff does state that "Defendant claims to have 'made a good faith effort' in locating documents and video footage, but claims none is available and the 'investigation is ongoing.' Which is it? Not available or ongoing?" (ECF No. 41, pgs. 4-5). However, in Defendant's opposition, Defendant does not assert that an investigation is ongoing, and Plaintiff failed to attach any of the discovery responses provided by Defendant.

reports that do not exist. Accordingly, as to this request, Plaintiff's motion to compel will be denied.

        c. <u>Request No. 3: "All[] video footage (all available angles including those showing the officers doorway leading to the office) for the same time period 24 hours."</u>

"The United States' response to this request informed Plaintiff that it conducted a search but was unable to locate any such video footage." (ECF No. 42, p. 3). In his motion, Plaintiff alleges that "[i]t is absoloutely [sic] nonsensical that no video footage exists of this area…." (ECF No. 41, pgs. 3-4). In response, Defendant states that "[t]he BOP's search and inquiry has confirmed … that it has no video of the slip and fall on July 20, 2018, and no surveillance video of the general area during that time period. Ordinary surveillance video is not maintained indefinitely, and Plaintiff did not report this incident to USP Atwater staff as involving any injury until months later. If the BOP possessed such video, the United States would produce it to Plaintiff, but it does not." (ECF No. 42, p. 3).

As to this request, Plaintiff does challenge Defendant's assertion that it conducted a search and that no relevant video footage was found. However, Plaintiff's challenge is limited to one sentence, and he does not explain why it is nonsensical that no video footage exists. Conversely, Defendant explains that surveillance video is not maintained indefinitely and that Plaintiff did not report the incident until months later.

As Defendant has asserted that it conducted a search and no video footage was found, and as Plaintiff failed to adequately challenge this assertion, Plaintiff's motion to compel will be denied as to this request.[5]

---

[5] While Defendant's opposition seems to suggest that the video footage existed but was destroyed pursuant to prison procedures (ECF No. 42, p. 3), Defendant does not provide the relevant procedures, any information regarding what it did to preserve the footage, or any information regarding when the footage was destroyed. Thus, while the Court is denying Plaintiff's motion to compel because it appears that no video footage currently exists, this denial is without prejudice to Plaintiff filing a motion for spoliation sanctions if he believes that Defendant failed to comply with its obligations under the law.

"Spoliation is an evidentiary doctrine under which a district court can, in its discretion, sanction a party that destroys evidence, if the party is on notice that the evidence is potentially relevant to pending litigation." Leeson v. Transamerica Disability Income Plan, 279 F. App'x 563, 565 (9th Cir. 2008). "A party seeking spoliation sanctions 'must establish (1) that the party having control over the evidence had an obligation to

      d. Request No. 4: "Any other accidents or complaints (inmate or staff) related to this safety hazard."

"The United States construed this request as excluding documents or electronically stored information relating to Plaintiff's own accident or complaint and responded that after a search, it was unable to locate responsive records.  The BOP conducted that search and did not locate any other complaints by inmates or staff relating to the hazard that Plaintiff describes in his Complaint." (ECF No. 42, p. 4).  In his motion, Plaintiff states that he has no way to determine if other complaints were filed, and that he "accepts the possibility that no other complaints exist." (ECF No. 41, p. 4).

As to this request, it is not clear what Plaintiff is actually requesting.  He does not challenge the search conducted by Defendant, and even states that he accepts the possibility that no other complaints exist.  As with the requests above, the Court cannot compel Defendant to provide records that do not exist.  Accordingly, as to this request, Plaintiff's motion to compel will be denied.

**IV. ORDER**

For the foregoing reasons, IT IS ORDERED that:

1. Defendant has thirty days from the date of service of this order to produce to Plaintiff USP Atwater duty rosters, sign-in logs, and other documents/electronically stored information listing the names of the officers who worked in the area of the accident[6] at any time from July 10, 2018, at 12:30

---

preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" Scalia v. County of Kern, 2020 WL 5959905, at *4 (E.D. Cal. Oct. 8, 2020) (quoting In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006)).

Additionally, Federal Rule of Civil Procedure 37 provides: "If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e).

[6] Based on the description in Plaintiff's First Amended Complaint, the area of the accident is the ground floor near the steps from C range, which is close to the outdoor recreation facility.

a.m. through July 10, 2018, at 8:30 a.m.; and

2. In all other respects, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated:  **August 30, 2021**                         /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE