UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT ORTEGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:19-cv-00999-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION CLARIFYING SPECIFIC DOCUMENT AND ITS PRODUCTION AND PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS<br><br>(ECF. Nos. 56, 57, 62, & 66) |

## I.　BACKGROUND

Albert Ortega ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this action.

This action is proceeding on Plaintiff's Federal Tort Claims Act claim against defendant United States of America, based on allegations that officers at United States Penitentiary Atwater failed to address water that had accumulated. (ECF No. 25). This failure allegedly led to Plaintiff slipping and falling. (Id. at 3).

On December 20, 2021, Plaintiff filed a motion clarifying specific document and its production. (ECF No. 56). On that same day, Plaintiff filed a motion for spoliation sanctions. (ECF No. 57). On January 11, 2022, Defendant filed an opposition to both motions. (ECF No. 60). On February 2, 2022, Plaintiff filed a motion to strike pursuant to Federal Rule of Civil

\\\

Procedure 12(f), which appears to be his reply to Defendant's opposition. (ECF No. 62).[1] On February 18, 2022, after being granted permission by the Court, Defendant filed supplemental evidence in support of its opposition. (ECF No. 65). On March 7, 2022, Plaintiff filed what appears to be a reply to the supplemental evidence. (ECF No. 66).[2]

For the reasons that follow, the Court will deny both motions.

## II.   PLAINTIFF'S MOTION CLARIFYING SPECIFIC DOCUMENT AND ITS PRODUCTION

### a. Plaintiff's Motion

Plaintiff states that he is bringing this motion in "continuity" of his earlier Rule 37 motion. (ECF No. 56, p. 1). Plaintiff is seeking the "Daily Activity Log" of the Special Housing Unit of United States Penitentiary Atwater, for the day of July 10, 2018, for the eight-hour period of 12:30 a.m. to 8:30 a.m. (Id. at 1-2). The daily activity log is the log kept by the prison staff about the area under their watch/post, and all notable activities thereof. (Id. at 2). This would include any reports of that logbook with specific reference to "water" and/or "flood/flooding" and/or "wet" conditions of the bottom tier of the Special Housing Unit during the relevant time. (Id.).

### b. Defendant's opposition

Defendant opposes the motion. (ECF No. 60). Defendant argues that it already responded to this request and produced the only record it had. (Id. at 2). Moreover, the Court already ruled that it cannot compel Defendant to provide a report that does not exist. (Id.).

Additionally, Defendant conducted a search in the relevant database, and the database

---

[1] To the extent that Plaintiff's reply is a motion to strike it is DENIED. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Campbell v. Pricewaterhouse Coopers, LLP, 2007 WL 841694, at *2 (E.D. Cal. Mar. 20, 2007). Moreover, "[u]nder the express language of [Rule 12(f)], only pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Defendant's opposition is not a pleading. Moreover, Defendant's filing does not include any redundant, immaterial, impertinent, or scandalous matter.

[2] To the extent that Plaintiff's reply to Defendant's supplemental evidence is a motion to strike it is DENIED. Defendant's supplemental evidence is not a pleading. Moreover, Defendant's filing does not include any redundant, immaterial, impertinent, or scandalous matter.

"contains no information responsive to Plaintiff's document request." (Id. at 3).

### c. Analysis

Plaintiff's motion clarifying specific document and its production will be denied. The motion to compel deadline was July 26, 2021, the non-expert discovery cutoff was October 8, 2021, and the dispositive motion deadline was November 8, 2021. (ECF No. 39). Plaintiff provides no explanation as to why he waited until all of these deadlines passed to file his discovery motion. Moreover, Defendant has stated that it conducted a search for the relevant document, and that no such document exists. Plaintiff has not submitted any evidence suggesting that this is untrue or that the search was inadequate. As the Court previously informed Plaintiff, "the Court cannot compel Defendant to provide records that do not exist." (ECF No. 47, p. 7).[3]

### III.   PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS

### a. Plaintiff's Motion

Plaintiff moves for spoliation sanctions on the ground that Defendant did not preserve the "telltale" video footage of his slip and fall incident, or what occurred prior to Plaintiff falling. (ECF No. 57, pgs. 1 & 4). Plaintiff alleges that he has reason to believe that the video footage was purposefully destroyed because it would be indicative of the negligence by government employees. (Id. at 1). Plaintiff argues that he will suffer prejudice because of this destruction because the video shows Defendant's culpability. (Id. at 1-2). Plaintiff further argues that Defendant has not been forthcoming with any information regarding the relevant procedure(s) by which the video was destroyed, and it did not provide any information as to when the video was destroyed. (Id. at 4).

As a sanction, Plaintiff asks for default judgment pursuant to Federal Rule of Civil Procedure 37.[4] (Id. at 2). In his reply, instead of default judgment, Plaintiff asks for an adverse

---

[3] In his reply, Plaintiff argues that the fact that this document was not created when it should have been shows negligence, as does the fact that the video footage was not saved. (ECF No. 62, p. 8). While the Court is denying both of Plaintiff's motions, nothing in this order precludes Plaintiff from attempting to address these issues at trial.

[4] Plaintiff cites to "Rule 37(C)" (ECF No. 57, p. 2), but appears to be referring to Rule 37(e).

1  inference jury instruction.  (ECF No. 62, p. 7).

2          b.  <u>Defendant's Opposition</u>

3      Defendant opposes the motion.  (ECF No. 60).

4      "Whether Plaintiff slipped and fell is not in question; the United States has admitted that on July 20, 2018, Plaintiff slipped and fell at the bottom of a staircase at USP Atwater while being escorted with his hands secured behind him by Officer Fontes.  Plaintiff asserts that the BOP [("Bureau of Prisons")] had a duty to preserve video footage because 'the day of Plaintiff's injuries was a very eventful day' and 'in anticipation of Plaintiff bringing his claim.'  Documents submitted by Plaintiff with his motion show that although Plaintiff did slip and fall, he denied any injury immediately after the incident, declined medical attention, and was seen exercising in the SHU recreation area in the hours that followed his slip and fall.  Plaintiff does not assert, let alone show, that he put BOP staff on notice at the time of the incident that he would make a legal claim for injury.  In fact, Plaintiff's own pleadings show that he did not submit a claim for injury until December 17, 2018, nearly five months after the incident."  (ECF No. 60, p. 5) (citations omitted).

    "USP Atwater's digital video recording system ('DVRS') maintains a record of video data, but with limited capacity.  Preservation of video evidence ordinarily occurs when it relates to a security concern such as a fight or an assault, or when there is an allegation of misconduct by inmates or staff.  Plaintiff's slip and fall did not present a security concern, and Plaintiff did not allege any misconduct at the time.  Plaintiff did not claim any injury at the time.  If video footage of Plaintiff's slip and fall existed, it was recorded over in the ordinary course of business due to the recording space limitations in the DVRS.  No video evidence responsive to Plaintiff's request exists."  (<u>Id.</u>) (citations omitted).

    "Plaintiff has failed to show that the BOP had any duty to preserve video footage, let alone that it destroyed evidence with a culpable state of mind.  Plaintiff's assertion that he 'has reason to believe' in the BOP's culpable state of mind is not enough to support a finding of spoliation, much less the dispositive sanction of a default judgment.  The Court should deny Plaintiff's motion."  (<u>Id.</u> at 5-6) (citations omitted).

c.  Legal Standards

"Spoliation is an evidentiary doctrine under which a district court can, in its discretion, sanction a party that destroys evidence, if the party is on notice that the evidence is potentially relevant to pending litigation." Leeson v. Transamerica Disability Income Plan, 279 F. App'x 563, 565 (9th Cir. 2008).  "A party seeking spoliation sanctions 'must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" Scalia v. County of Kern, 2020 WL 5959905, at *4 (E.D. Cal. Oct. 8, 2020) (quoting In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006)).

Additionally, Federal Rule of Civil Procedure 37 provides: "If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e).

d.  Analysis

While Plaintiff states, in a conclusory fashion, that he has reason to believe the video footage was purposefully destroyed because it would show the negligence of government employees, Plaintiff has not submitted any evidence suggesting that the video was destroyed with culpable state of mind or that Defendant destroyed the video with the intent to deprive Plaintiff of the information's use in this litigation.

Moreover, according to the declaration of Lieutenant Jose Garcia, who is employed by

5

the Federal Bureau of Prisons at United States Penitentiary Atwater, the recording system at United States Penitentiary Atwater overwrites video data within fourteen days. (ECF No. 65-1, p. 2, ¶ 5).[5] While Plaintiff asserts that Defendant should have preserved the video because it was "a very eventful day" (ECF No. 57, p. 3) and because his slip and fall presented a security concern (ECF No. 66, pgs. 2-3), Plaintiff has not submitted any evidence suggesting that he asked anyone to preserve the video because he may file a lawsuit. Nor has he submitted sufficient evidence suggesting that his slip and fall presented a security concern that should have been preserved pursuant to a policy in place at United States Penitentiary Atwater.

Moreover, "the fact that a tort might have occurred cannot by itself be sufficient to place a defendant on notice of impending litigation. If [it did], there would be no reason, ever, to inquire when an accused despoiler should have known of impending litigation; a duty to preserve would always attach automatically from the time when a plaintiff alleges a defendant committed a culpable act." Garcia v. United States, 2014 WL 12709430, at *2 (C.D. Cal. Sept. 3, 2014). Plaintiff does allege that he filed an administrative claim using Standard Form 95 (Claim for Damage, Injury or Death) on December 17, 2018 (ECF No. 24, p. 2). However, the incident occurred on or around July 20, 2018 (ECF No. 24, p. 3). Thus, the video evidence had already been overwritten by the time the BOP received notice of Plaintiff's potential claim.

Accordingly, there is no evidence that Defendant was on notice that it should have preserved the video, and "[a] party does not engage in spoliation when, without notice of the evidence's potential relevance, it destroys the evidence according to its policy or in the normal course of its business." United States v. $40,955.00 in U.S. Currency, 554 F.3d 752, 758 (9th Cir. 2009).

As there is no evidence that Defendant destroyed the video with a culpable state of mind, that Defendant destroyed the video with the intent to deprive Plaintiff of the video's use in this litigation, or that Defendant was on notice that it should have preserved the video but failed to do so, Plaintiff's motion for spoliation sanctions will be denied.

---

[5] While Plaintiff objects to portions of the declaration as hearsay, Plaintiff specifically does not object to ¶ 5 of the declaration (ECF No. 66, p. 3).

**IV.     ORDER**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion clarifying specific document and its production (ECF No. 56) and Plaintiff's motion for spoliation sanctions (ECF No. 57) are DENIED.

IT IS SO ORDERED.

Dated:  **March 15, 2022**                              /s/ Erica P. Grosjean
                                                                        UNITED STATES MAGISTRATE JUDGE